## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS** 1156 15th St., N.W., Suite 1020 Washington, D.C. 20005 | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| **UNITED STATES DEPARTMENT OF DEFENSE** 1400 Defense Pentagon Washington, D.C. 20301-1400 | |
| **UNITED STATES DEPARTMENT OF THE ARMY** 400 Army Pentagon Washington, D.C. 20310-0400 | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Reporters Committee for Freedom of the Press ("Reporters Committee," "RCFP," or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by the Reporters Committee against the United States Department of Defense ("DoD") and the United States Department of the Army ("Army") (collectively "Defendants").

2.     By this action, the Reporters Committee seeks to compel Defendants to comply with their obligations under FOIA to release records that the Reporters Committee requested related to U.S. Army Regulation 530-1 ("AR 530-1"), which outlines certain operations security

1

programs and policies of the Army.  Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

## PARTIES

3.      Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to defending the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records.  The Reporters Committee is located at 1156 15th Street, N.W., Suite 1020, Washington, D.C. 20005.

4.      Defendant United States Department of Defense is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  DoD's headquarters is located at 1400 Defense Pentagon, Washington, D.C. 20301-1400.

5.      Defendant United States Department of the Army is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  The Department of the Army's headquarters is located at 400 Army Pentagon, Washington, D.C. 20310-0400.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Legal and Factual Background

8.      A "milblog" (short for "military blog"), or "warblog," is an online web log ("blog") devoted to covering the experiences of soldiers in wartime.  The phenomenon of United States military personnel writing milblogs ("milblogging") emerged in the early 2000s.

9.      In or about October 2004, the Los Angeles Times quoted DoD spokeswoman Cheryl Irwin as saying that "[g]enerally, [soldiers] can [blog] if they are writing their blogs not on government time and not on a government computer. They have every right under the 1st Amendment to say any darn thing they want to say unless they reveal classified information, and then it becomes an issue as a security violation."  Ellen Simon, *Military Bloggers Offer a Grunt's Eye View of Iraq*, L.A. Times (Oct. 3, 2004), https://perma.cc/DRM7-KSK5.

10.      As milblogging gained popularity, some Army officials expressed concern that an intimate look into the daily life of soldiers in combat zones would negatively impact public support for the Iraq war, depress troop morale, and harm military strategy.  *See* Julia E. Mitchell, *Warring Ideologies for Regulating Military Blogs: A Cyberlaw Approach for Balancing Free Speech and Security in Cyberspace*, 9 Vand. J. Ent. & Tech. L. 201, 211 (2021).

11.      The Army implemented official guidelines for milblogging on or about October 7, 2005, by updating AR-530-1.  AR 530-1 §§ 1-1 *et seq.* (Oct. 7, 2005).

12.      The 2005 update to AR-530-1 required all Army personnel and DoD contractors to "consult with their immediate supervisor and their OPSEC program manager" before posting information in a public forum, including websites and personal blogs.  *Id.* at § 2-19(h).  The update also directed unit commanders, public affairs officers, and other designees to conduct quarterly reviews of milblogs to check for actual or alleged violations of operational security rules.  *Id.* at § 2-23.

13.      On or about August 6, 2006, DoD issued an "Information Security/Website Alert."  The Alert stated, *inter alia*, that all information posted to public websites was to be vetted by "personnel trained in . . . OPSEC" and "reviewed for security concerns and approved in accordance" with various DoD policies.  Dep't of Def., Information Security/Website Alert (Aug. 6, 2006), https://perma.cc/76XA-Q8EU.  The Alert instructed commanders to "ensure

subordinates are aware that . . . personal blogs . . . may not be created/maintained during normal duty hours and may not contain information on military activities that is not available to the general public," including "comments on daily military activities and operations, unit morale, results of operations, status of equipment, and other information that may be beneficial to adversaries." *Id.*

14.    The Army further updated AR 530-1 on or about March 20, 2007, and then again on or about April 19, 2007.  The 2007 changes aimed to "address how technology, specifically the Internet, has changed the face of OPSEC."  Mr. J.D. Leipold, *Army Releases New OPSEC Regulation*, U.S. Army (Apr. 20, 2007), https://perma.cc/L2NR-3AEU.  The 2007 AR 530-1 changes required milbloggers to consult with supervisors and secure OPSEC review in advance of posting, and instituted penalties under the Uniform Code of Military Justice for failure to abide by commanders' orders regarding the protection of "critical and sensitive information." AR 530-1 §§ 2-1(g), 2-2 (Apr. 19, 2007).

15.    Shortly after the 2007 alterations to AR 530-1 were made, President George W. Bush appeared via remote broadcast at the 2007 MilBlog Conference and told attendees "America's military bloggers are also an important voice for the cause of freedom . . . . You understand that defeating the terrorists requires us to defeat their ideology of hatred and of death with a more powerful vision, a vision of human liberty."  Nikki Schwab, *Military Bloggers Wary of New Policy*, Wash. Post (May 5, 2007), https://perma.cc/7SPK-5F9J.

16.    On or about September 26, 2014, AR 530-1 was again modified to note that the popularity of internet-based platforms, like blogs, had "greatly increased the risk of inadvertent disclosures of sensitive and/or critical information" and that, as such, commanders would be responsible for ensuring adequate OPSEC training for individuals responsible for reviewing public posts.  AR 530-1 § 2-18(a)(15) (Sept. 26, 2014).

4

**Plaintiff's FOIA Request**

17.     On or about October 28, 2023, the Reporters Committee submitted a FOIA

request to the Department of the Army via email ("Request").  A true and correct copy of the

Request is attached hereto as **Exhibit 1** and is incorporated by reference herein.

18.     The Request sought the following:

    • All drafts of, redlines, or proposed edits to AR 530-1 that were generated

between February 5, 2003 and September 26, 2005;

    • All emails or memoranda containing potential updates, suggestions, questions,

or edits to AR 530-1 that were generated between February 5, 2023 and September 26,

2005;

    • All drafts of, redlines, or proposed edits to AR 530-1 that were generated

between September 28, 2005 and March 19, 2007;

    • All emails or memoranda containing potential updates, suggestions, questions,

or edits to AR 530-1 that are dated between September 28, 2005 and March 19, 2007;

    • All drafts of, redlines, or proposed edits to AR 530-1 that were generated

between March 21, 2007 and April 18, 2007;

    • All emails or memoranda containing potential updates, suggestions, questions,

or edits to AR 530-1 that are dated between March 21, 2007 and April 18, 2007;

    • All drafts of, redlines, or proposed edits to AR 530-1 that were generated

between April 20, 2007 and September 25, 2014;

    • All emails or memoranda containing potential updates, suggestions, questions,

or edits to AR 530-1 that are dated between April 20, 2007 and September 25, 2014;

> • All emails or memoranda mentioning, referring to, and/or discussing the drafting and the Defense Department's August 6, 2006 Information Security/Website Alert.

Ex. 1.

19.     In the Request, the Reporters Committee sought a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii).

20.     By letter dated November 8, 2023, the Army acknowledged receipt of the Request, assigning it tracking number FA-24-0001.  A true and correct copy of the Army's acknowledgement letter is attached hereto as **Exhibit 2**.  The letter did not address the Reporters Committee's request for a fee benefit.

<u>Current Status of Plaintiff's Request</u>

21.     As of the filing of this Complaint, Plaintiff has not received a determination or any records in response to its Request.

22.     As of the filing of this Complaint, the Request has been pending for approximately 67 days.

**<u>CAUSES OF ACTION</u>**

**COUNT I: VIOLATION OF FOIA
FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES**

23.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 22 as though fully set forth herein.

24.     Defendant Department of Defense is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

25.     Defendant Department of the Army is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

26.     The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

27.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

28.     Defendants failed to make a determination regarding the Request within the statutory deadlines as required by FOIA.  5 U.S.C. § 552(a)(6)(A).

29.     Defendants' failure to make a determination with respect to the Request within FOIA's statutory deadlines violates their obligations under FOIA.  5 U.S.C. § 552(a)(6)(A).

30.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II: VIOLATION OF FOIA
## FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

31.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 22 as though fully set forth herein.

32.     Defendant Department of Defense is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

33.     Defendant Department of the Army is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

34.     The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

35.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

36.     Defendants have not released any records or portions thereof in response to the Request.

37.     Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

38.     Defendants have not identified how it is reasonably foreseeable that disclosure of each of the records or portions thereof sought by the Request would harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

39.     Records responsive to the Request are required to be released under FOIA.

40.     Defendants have improperly withheld agency records responsive to the Request, in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

41.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

### COUNT III: VIOLATION OF FOIA
### FOR FAILURE TO GRANT FEE BENEFIT

42.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 22 as though fully set forth herein.

43.     Defendant Department of Defense is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

44.     Defendant Department of the Army is an agency subject to FOIA.  5 U.S.C. §§ 552(f), 551.

45.     The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendants.

46.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

47.     The Request set forth sufficient facts and argument establishing that Plaintiff is entitled to a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II).

48.     Defendants have not granted Plaintiff's request for a fee benefit as a representative of the news media, in violation of FOIA.

49.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to the Request;

(2) enjoin Defendants from withholding all records or portions thereof responsive to the Request that may not be withheld under FOIA;

(3) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(4) issue a declaration that Plaintiff is entitled to a fee benefit as a representative of the news media for the purposes of the Request;

(5) issue a declaration that Defendants' failure to provide a timely determination in response to the Request violates its obligations under FOIA;

(6) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) grant such other relief as the Court may deem just and proper.


Dated: January 3, 2024

                            Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*